IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: ) | | |
| JAMES D. WILLS ) | | |
| MELINDA K. WILLS ) | | |
| ) | | |
| Debtors. ) | | Bankruptcy Case No. 05-17977 |
| ) | | |
| _____) | | |
| EDWARD J. NAZAR, Trustee, ) | | Bankruptcy Adv No. 06-05337 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | U.S. Dist. Ct. No. 08-1374-WEB |
| ) | | |
| THE JAMES D. WILLS and MELINDA ) | | |
| K. WILLS IRREVOCABLE FAMILY ) | | |
| TRUST and JAMES D. WILLS and ) | | |
| MELINDA K. WILLS Grantors and ) | | |
| Trustees, and CLINGAN TIRES, INC., ) | | |
| ROBERT W. CLINGAN, JR. and ) | | |
| CLINGAN LEASING, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

On October 1, 2008, the Bankruptcy Court entered a judgment for the defendants, but held that the Ute Lake, New Mexico property and proceeds therefrom should be turned over to the trustee. *See* Doc. 5, Exhibit 66. The Plaintiff trustee appeals. The case comes before the Court now on the defendants' Motion to Dismiss Appeal for Lack of Jurisdiction (Doc. 2). After a review of the briefs, and the record, the Court grants the defendants' Motion to Dismiss (Doc. 2).

## FACTUAL BACKGROUND

The Bankruptcy Court entered a judgment on October 1, 2008. On October 14, 2008, the plaintiff filed a Motion for Enlargement of Time to file Notice of Appeal. The Bankruptcy Court

granted the motion for extension on November 3, 2008. Subsequently, on November 11, 2008, the plaintiff filed a Second Motion for Enlargement of Time to file Notice of Appeal–requesting until December 1, 2008. The Bankruptcy Court granted the plaintiff's second motion by entering an Agreed Order on the Second Motion for Enlargement of Time to file Notice of Appeal on November 14, 2008. On November 21, 2008 the defendants filed a Motion to Set Aside Agreed Order on Second Motion for Enlargement of Time arguing that they objected to the agreed order. The Bankruptcy Court set aside the agreed order on November 25, 2008. On December 1, 2008 the Bankruptcy Court entered an Order granting the plaintiff's Second Motion for Enlargement of Time and the plaintiff filed a Notice of Appeal on the same day. The next day the case was docketed in this United States District Court.

## ARGUMENTS

The Defendants allege that the appeal is untimely, and therefore the Court lacks jurisdiction to hear the appeal. The Plaintiffs contend that the first request to extend time was filed within the 10-day period allowed for the filing of a notice of appeal, and the subsequent order granted 30 days or until November 13, 2008 to file notice of appeal. Plaintiffs allege that since the trustee filed the second motion to extend on November 12, 2008–before the first extension expired–it was also timely. Further, Plaintiffs contend that although the agreed order was set aside, the Bankruptcy Court later reinstated it, and the Plaintiffs "timely" filed notice of appeal in accordance with the date set out by the Bankruptcy Court in the second order granting the extension.

## ANALYSIS

The issue of the timeliness of a notice of appeal is jurisdictional. *See In re Universal Minerals Inc.,* 755 F.2d 309, 310 (3d Cir. 1985). "[F]ailure to file timely notice within the

meaning of Bankruptcy Rule 8002 is indeed a jurisdictional defect barring appellate review." *Id.*

The deadlines in Rule 8002(a) are "conditions precedent that are mandatory and jurisdictional." *In re United Airlines, Inc.,* 337 B.R. 904, 908 (N.D. Ill. 2006), citing *In re Bond,* 254 F.3d 669, 673 (7th Cir. 2001). "The 10-day period for filing a notice of appeal has been strictly construed, requiring strict compliance with its terms." *In re Hotel Syracuse, Inc.,* 154 B.R. 13, 15 (N.D.N.Y. 1993) (citations omitted).

FRBP 8002 (c) addresses the allowable extensions of time to file a notice of appeal. Specifically, FRBP 8002(c)(2) states:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired...An extension of time for filing a notice of appeal *may not exceed 20 days from the expiration* of the time for filing a notice of appeal otherwise prescribed by this rule <u>*or 10 days from the date of entry of the order granting the motion*</u>, whichever is later.

FRBP 8002(c)(2) (emphasis added).

The Bankruptcy Court entered a final judgment on October 1, 2008. The 10-day period prescribed by FRBP 8002 would then expire on October 11, 2008, but since it fell on a Saturday and was followed by a holiday on Monday, a FRBP 9006(a) computation allows until October 14, 2008. An application of FRBP 8002 would then allow *either* 20 days from the expiration of the 10-day period, which would give a final date of November 3, 2008 *or* 10 days from the entry of the order granting the motion, which would give a final date of November 13, 2008. As prescribed in FRBP 8002(c)(2), the latter of the two dates is used. So in this case, the final date to file a notice of appeal would have been November 13, 2008.

The Trustee in this case seems to operate under the assumption that so long as the motion

for an extension is filed prior to the expiration of the previously granted extension, it is timely. However, a strict interpretation of the rule leaves no room for an interpretation allowing multiple extensions.

"Rule 8002 provides authority for the Court to permit **one extension** of time of twenty days. The Rule does not provide authority for further extensions." *In re Hutchins,* 1997 WL 739613 (Bkrtcy.E.D.Ark.). "The time for filing a notice of appeal can only be extended once." 8 Norton Bankr. L. & Prac. 3d §170.71.

> The wording of rule 8002(c) makes it clear that once 30 days have elapsed from the entry of the order without some notice of appeal having been filed...no appeal may ever be taken, even upon a showing of excusable neglect...Tactics seeking to delay an appeal are discouraged by the fact that *only one such extension can be given,* and then only for a period not to exceed 20 days from the expiration of the original time or 10 days from the date of the entry of the order granting the motion to extend the time to appeal, whichever is later.

10 *Collier on Bankruptcy,* 15th ed. Rev. Sec. 8002.09[1] (emphasis added).

Although in an unpublished opinion, the 10th Circuit has addressed the issue of multiple extensions. *See In re Armstrong,* 99 Fed. Appx. 866, 2004 WL 1173431 (10th Cir. 2004). In that case, the Bankruptcy Appellate Panel had granted one extension and then denied the second motion for extension. The 10th Circuit opinion noted that these issues are left to the discretion of the court.[1] In *In re Armstrong,* the 10th Circuit noted that Armstrong had previously received an extension in excess of thirty days to file his brief and subsequently held that the court did not abuse its discretion in refusing to grant another extension. *Id.* at 868.

In this case, the latest date for the filing of a timely notice of appeal, under FRBP 8002,

---

[1]The 10th Circuit cited two cases to support this contention: *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (which found no abuse of discretion when the bankruptcy appeal was dismissed because of an untimely filed brief) and *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995) (which found no abuse of discretion in permitting a late filing under the Federal Rules of Civil Procedure).

would have been November 13, 2008. Here, the notice of appeal was not filed until December 1, 2008. Although the Bankruptcy Court entered, set aside, and then reinstated a second order granting an extension of time to file the notice of appeal, under the rules and case law above it did not have the authority to do so. Therefore, the notice of appeal was not timely filed.

## CONCLUSION

Since the Trustee's notice of appeal was not timely filed, the Defendants' Motion to Dismiss Appeal for Lack of Jurisdiction (Doc. 2) is GRANTED, and the case is DISMISSED.

IT IS SO ORDERED this 16th day of July, 2009 at Wichita, Kansas.


                                         s/ Wesley E. Brown
                                         Wesley E. Brown
                                         U.S. Senior District Judge